**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| KERRY A. POLK, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:07-CV- 234 HL |
| VS. | * | 28 U.S.C. § 2241 |
| | | CASE NO. 5:98-CR-00066 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Polk was indicted in this court on July 16,1998 for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). (R-1) He was convicted of that offense by jury trial on January 19, 1999, and sentenced, after report of a Pre-Sentence Investigation, to serve 250 months imprisonment on April 1, 1999. (R-32) Petitioner timely appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit where the same were affirmed on December 2, 1999. (R-39) Petitioner sought a *writ of certiorari* from the United States Supreme Court which was denied on April 17, 2000. *United States v. Polk,* 529 U.S. 1076, 120 S.Ct. 1693 (2000).

On November 7, 2000, Petitioner timely filed in this court a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R - 40) This Motion was denied on November 30, 2000. (R - 42)

On June 14, 2007, Petitioner Polk filed a "Petition For Habeas Corpus Pursuant To 28 U.S.C. § 2241 and § 2243 Actual Innocence." (R-1 in Case No. 5:07-CV-234) However, in this Petition, he challenges only the U.S.S.G. § 4B1.4 Armed Career Criminal

enhancement to his sentence, stating in conclusion:

> Defendant in this case ( ) concedes to the fact that with his prior convictions, he is in fact a career criminal under the guidelines 4B1.1. However, based on the career offender enhanced sentence, defendant's offense of conviction statutory maximum ( ) offense level is listed under (E) for 10 years or more, but less than 15 years, thereby yielding a guideline base level of 24.

Petitioner Polk argues that his "total sentence for his crime of conviction 922(g)(1), Felon in possession of firearm must be capped at 10 years or 120 months." (Rcv- 1 at 11)

### **Conclusions of Law**

While Petitioner contends that his present Petition brought under 28 U.S.C.§ 2241, renders Section 28 U.S.C. § 2255 inadequate and ineffective to test the legality of [his] alleged detention, "[t]he general rule is well established, that collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced petitioner." *Birdsell v. Alabama,* 834 F.2d 920, 922 (11th Cir. 1987). From simply making "new arguments attacking the validity of his sentence . . . [i]t is readily apparent that the motion is really a successive § 2255 motion in [other] clothing." *Lazo v. United States,* 314 F.3d 571, 573 (11th Cir. 2002). The only exception to this general rule allows a petitioner to file such an attack in the district of incarceration, pursuant to § 2241, if the petitioner can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *McGee v. Hanberrry,* 604 F.2d 9, 10 (5th Cir. 1979). In *Wofford v. Scott,* 177 F.3d 1236 (11th Cir. 1999), the United States Court of Appeals for the Eleventh Circuit discussed the "inadequate and ineffective" language , the

2

history of the legislation, and the opinions of sister states, holding that this language does not allow a petitioner to escape the restrictions on second or successive § 2255 motions. The Court stated that the mere fact that such a petition is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective. Other Circuits have addressed this issue. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner *plasters* on the cover." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004)**.**

The legality of petition's conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit on direct appeal, and Petitioner has collaterally attacked his sentence heretofore by Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. Thus, this court must be authorized by the United States Court of Appeals for the Eleventh Circuit before it can entertain a second or successive challenge to Petitioner's sentence, as his present challenge cannot be found to be anything other than a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 dressed in habeas corpus clothing under 28 U.S.C. § 2241.

The AEDPA provides that , to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v.*

*Hopper,* 112 F.3d 1088, 1089 (11th 1997); *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003); 28 U.S.C. § 2255.

WHEREFORE, IT IS RECOMMENDED that Petitioner Polk's petition be dismissed. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 2nd day of July 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE