# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **KERRY A. POLK,** : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 5:07-cv-234 (HL) |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Respondent. : | |

_____

**ORDER**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge G. Mallon Faircloth, entered July 7, 2007 (Doc. 4). Petitioner, Kerry A. Polk, has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). The Court, having given de novo consideration to those portions of the Recommendation to which objection is made, hereby accepts the Recommendation, as more fully set forth below.

Following a jury trial, Polk was found guilty of the offense of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Having previously committed crimes of violence on three separate occasions, he was sentenced as an armed career criminal under 18 U.S.C. § 924(e) to a term of imprisonment of 250 months. Polk filed a notice of appeal from his conviction and sentence, both of which were upheld by the appellate court; the Supreme Court of the United States denied Polk's petition for *writ of certiorari*.

After his direct appeal options were exhausted, Polk pursued various other remedies. First, Polk filed a comprehensive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In the § 2255 Motion, Polk argued that his conviction and sentence were unconstitutional and invalid in violation of <u>United States v. Lopez</u>, 514 U.S. 549, 115 S. Ct. 1624 (1995), and contended that the Government failed to provide any evidence demonstrating that possession of a firearm by him had a substantial effect on interstate commerce. Polk also argued that his attorney was ineffective for failing to raise the <u>Lopez</u> argument and ineffective for failing to object when a Government witness discussed Polk's prior crimes. The sentencing judge denied the § 2255 Motion. Polk then moved for reconsideration of the order denying his § 2255 Motion. The sentencing judge denied the motion for reconsideration and also denied Polk's application for certificate of appealability.

When his § 2255 Motion was unsuccessful, Polk filed a Motion to Void Judgment of Sentence Pursuant to Rule 60(b)(4). In this Motion, Polk argued that his sentence was invalid because the Government failed to identify or introduce evidence of three convictions that would satisfy the requirements for sentencing him as an armed career criminal under 18 U.S.C. § 924(e). Polk argued that because of the Government's failure to introduce evidence of three qualifying convictions, he is "actually and factually" innocent under the armed career criminal statute. The Motion to Void Judgment was not addressed on the merits, however. The sentencing judge concluded that the Motion was more properly construed as a § 2255 Motion and, therefore, barred as successive.

After his Motion to Void Judgment was dismissed, Polk filed a "Motion for Resentencing Upon Overturning Prior Convictions Pursuant to [1]8 U.S.C. § 3559(7)." The sentencing judge declined to consider the Motion for Resentencing on the merits, having determined that the Motion was both an improper second § 2255 Motion and barred by the relevant limitations period.[1] Polk sought to appeal the ruling on this Motion, but was denied a motion for certificate of appealability. On June 14, 2007, Polk filed the "Petition for Habeas Corpus Pursuant to Title 28 U.S.C. §§ 2241 and 2243" at issue here.

Apparently recognizing that his right to challenge the sentence imposed on him in 1999 is all but foreclosed, Polk brings his latest challenge in the form of an "actual innocence" claim. The Supreme Court of the United States has created a narrow exception to the procedural default rule imposed in habeas petitions when "the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty." Dretke v. Haley, 541 U.S. 386, 388, 124 S. Ct. 1847, 1849 (2004). In Dretke, the Court was asked "to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing

---

[1] The undersigned offers no comment on whether a motion brought pursuant to 18 U.S.C. § 3559 is properly treated as a § 2255 motion. However, the Court notes that had Polk's § 3559 Motion been addressed on the merits, it would have been denied. As the United States Court of Appeals for the Eleventh Circuit noted in an unpublished opinion, by its own terms, § 3559(c)(7) "provides for resentencing only if one was sentenced 'under this subsection.'" United States v. Sullivan, No. 04-15050, 2005 WL 2090236, *1 (11th Cir. Aug. 31, 2005). In other words, a defendant may only move for resentencing under 18 U.S.C. § 3559(c)(7) if he was sentenced to mandatory life imprisonment pursuant to 18 U.S.C. § 3559(c). Polk was not sentenced pursuant to that provision.

error." Id. at 393, 124 U.S. at 1852. The Court declined to address the issue, however, finding that before the issue could be reached, "a federal court faced with allegations of actual innocence . . . must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94, 124 U.S. at 1852.

The grounds for Polk's challenge in this Petition are not unlike those presented in previous motions: He maintains that he should not have been sentenced as an armed career criminal because the Government failed to establish the three convictions necessary to satisfy the provisions of 18 U.S.C. § 924(e). In an attempt to come under the umbrella of § 2241, and thereby avoid the bar of § 2255, he adds that the Government's failure to establish the necessary prior convictions demonstrates his innocence. The Magistrate Judge declined to address the merits of Polk's arguments and recommended that the Petition be dismissed as a second or successive § 2255 Motion.

In his objections to the Recommendation, Polk notes, among other things, that he is "actually innocent" because, according to him, "one of the three convictions that [was] used has been successively challenged and vacated by the state court who entered said judgment." (Obj. at 2.) Polk does not elaborate as to which of his numerous convictions was vacated and now forms the basis of his objection. The Court assumes that he is referring to the conviction for possession of a firearm by a convicted felon, Case No. 13537 in the Superior Court of Houston County, which was discussed at length in his Motion to Void Judgment. The Superior Court

4

of Houston County vacated that conviction by order entered October 19, 2005.[2]
Notwithstanding the order of the Superior Court of Houston County, Polk's Motion and objections must fail.

As the Magistrate Judge noted, as a general rule, the validity of a federal sentence is collaterally attacked by filing a motion under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A federal prisoner may only obtain relief under 28 U.S.C. § 2241 if "an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Id. The Eleventh Circuit has limited the circumstances under which § 2255 will be deemed "inadequate or ineffective" to a claim, holding that § 2241 will be an appropriate remedy when:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Only when the conditions set forth in Wofford have been met will a federal prisoner be permitted to avoid the restrictions of § 2255 and move under § 2241. The Court agrees with the Magistrate Judge that Polk has failed to meet the conditions set forth in Wofford. Polk's Petition, though styled as brought pursuant to § 2241, is merely an attempt "to escape the restrictions on second or successive § 2255

---

[2] Polk moved promptly in this Court *after* the order vacating his conviction was entered: On January 13, 2006, relying on the Superior Court's order, Polk filed a Motion for Resentencing Upon Overturning Prior Convictions Pursuant to [1]8 U.S.C. § 3559(7). As noted previously, that Motion was unsuccessful. As noted later in this Order, however, it is Polk's failure to act diligently in moving to vacate the conviction that is fatal to Polk's efforts to get his sentence corrected.

5

motions." Id. at 1245. Therefore, this Court has no jurisdiction to consider the merits of the § 2241 Petition.

Even if this Court were authorized to consider the Petition on the merits, the Petition would fail nevertheless. In this Petition, as well as in his previous motions, Polk argues that the Government has failed to establish the three convictions necessary to sentence him as an armed career criminal under 18 U.S.C. § 924(e). However, review of the Presentence Investigation Report, relied on by the district court in imposing sentence on Polk, persuades the Court otherwise. Polk's prior criminal history included a conviction in 1980 for three counts of burglary, one for a business and two for residences, occurring on three separate dates: August 7, 1980, October 7, 1980, and June 26, 1980. Polk did not challenge either the fact of the conviction or the nature of the burglaries, as presented in the Presentence Investigation Report. The burglaries, having been of either residential or commercial buildings and having been committed on occasions different from one another, constitute violent felonies as that term is defined by § 924(e)(2) and the relevant case law. *See generally* United States v. Bennett, 472 F.3d 825, 833 (11th Cir. 2006).[3]

Furthermore, the conviction in 1987 for obstruction of police involved an attack on a police officer, and thus is a crime punishable by imprisonment for a term exceeding one year

---

[3] The Sentencing Guidelines do not extend the term crime of violence to the burglary of a commercial building but, instead, limit the definition of a crime of violence to the burglary of a dwelling. U.S.S.G. §4B1.2., comment. (n.1) (2006). Under this definition, therefore, two of the three burglaries for which Polk was convicted would qualify as crimes of violence for purposes of § 924(e).

6

that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). As such, it constitutes a violent felony as defined by § 924(e)(2). At sentencing, counsel for Polk objected to the portion of the Presentence Investigation Report which set forth the allegations of the attack upon the police officer, stating as follows: "This indicates and sets forth, makes allegations that at one point in time, Mr. Polk attacked a police officer and possibly threatened to kill a police officer. Your honor we object to this. There's no indication that Mr. Polk was charged, much less convicted of any such assault." (Sentencing Hearing, Apr. 1, 1999, at 2.) The sentencing judge overruled the objections.

This Court does not believe that the sentencing judge erred in overruling the objections. Section 924(e) does not require that use of physical force or threatened use of physical force be an element of the offense which forms the basis for the underlying conviction. It is sufficient if the conduct involved in the offense presented a serious risk of physical injury to another. Thus, it was not necessary that Polk either be charged with or convicted of assault in order for his conduct to be considered in determining whether the offense–in this case obstruction of a police officer–presented a serious risk of physical injury. *See, e.g.*, United States v. Swanson, No. 02-2190, 55 Fed. Appx. 761 (7th Cir. Jan. 7, 2003) (discussing how offense of unlawful restraint involved conduct that presented a serious risk of physical injury). Neither Polk nor his attorney questioned whether the allegations of the attack were true, only challenging that they were never charged in a separate crime. Under these circumstances, the sentencing judge was entitled to consider the allegations presented in the Presentence Investigation Report in determining whether the offense involved conduct that presented a serious potential risk of

7

physical injury to another. *See* Bennett, 472 F.3d at 832 (holding that a sentencing court's findings of fact may be based on undisputed statements in the PSI).

Relying on the burglary convictions and the conviction for obstruction of police, the district court was authorized to find that Polk had three previous convictions for violent felonies and to impose sentence in accordance with § 924(e)(1). The district court could not have relied on Polk's previous conviction for possession of a firearm by a convicted felon, the conviction that was vacated in 2005, because possession of a firearm by a convicted felon is not a violent felony for purposes of § 924(e)(1). *See generally* Stinson v. United States, 508 U.S. 36, 113 S. Ct. 1913 (1993). *See also* U.S.S.G. §4B1.2., comment. (n.1) (2006) (stating "'[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a)"). Thus, the decision by the Superior Court of Houston County to vacate that conviction has no effect on Polk's sentence under the armed career criminal statute.

Moreover, Polk's right to use the vacated conviction as a basis for challenging the calculation of his sentence is foreclosed by the decision of the Supreme Court in Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571 (2005). In Johnson, the Court held that notice of an order vacating a prior state conviction used to enhance a federal sentence triggers the one-year period for filing a motion under § 2255. The Court limited application of the rule, however, by also holding that a federal prisoner who fails to act with due diligence in seeking such an order would still be barred from bringing a § 2255 motion following the entry of an order vacating a conviction. Id. at 310, 125 S. Ct. at 1582. The Court found in Johnson that the

prisoner had waited more than three years after his federal sentence was imposed to initiate proceedings to attack the underlying state convictions. The Court held, therefore, that § 2255 was unavailable to the prisoner. Id. at 311, 125 S. Ct. 1582.

Here, Polk's federal sentence was imposed in April of 1999. According to the order entered by the Superior Court of Houston County, Polk filed the habeas petition challenging his state convictions in September of 2003. Like the defendant in Johnson, Polk waited more than three years to attack his prior state court convictions. Therefore, as in Johnson, Polk is precluded from using the vacated conviction as a basis for attacking his sentence in this Court.

In sum, Polk's claims are not properly the subject of a § 2241 Petition and are barred by § 2255's limitations on successive motions. This Court thus lacks the jurisdiction to consider the claims presented in the § 2241 Petition. Therefore, the Court accepts the Recommendation of the Magistrate Judge and Polk's Petition (Doc. 1) is hereby dismissed.

**SO ORDERED**, this the 17th day of September, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls