# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **KERRY A. POLK,** | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 5:07-cv-234 (HL) |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | |

**ORDER**

Petitioner, Kerry A. Polk, has filed a notice of appeal (Doc. 8) from this Court's order and judgment entered September 17 and 18, 2007, respectively, dismissing his Petition for Habeas Corpus Pursuant to Title 28 U.S.C. §§ 2241 and 2243. The Court found that Polk's claims were not properly the subject of a § 2241 petition, and were barred by the limitations on successive motions imposed by 28 U.S.C. § 2255.

Polk did not file a request for a certificate of appealability (COA) when he filed his notice of appeal, nor did he need to file such a request. "A federal prisoner who proceeds under § 2241 does not need a COA to proceed." Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). *See also* Rivers v. McKelvy, No. 06-15993, 2007 WL 1575323, *2 n.5 (11th Cir. June 1, 2007) (unpublished opinion) (noting that prisoner who filed motion under § 2241 that was treated as a § 2255 did not need to obtain a COA). Inasmuch as Polk was seeking to proceed under § 2241, no certificate of appealability is required.

Polk has filed a Motion for Permission to Appeal in Forma Pauperis (Doc. 12). Polk's

right to proceed IFP on appeal is governed by Federal Rule of Appellate Procedure 24 which requires a party to attach an affidavit that (1) shows the party's inability to pay, (2) claims an entitlement to redress, and (3) states the issues the party intends to present on appeal. Polk has submitted a form that would comply with the requirements of Rule 24, except that Polk has chosen to complete the form by putting "N/A" in each section. With respect to his ability to pay, Polk merely states that he is and has been "a pro-se indigent petitioner from the outset." (Aff. at 4.) Polk has failed to attach a current statement showing his prison inmate account balance even though section four of the form states that he should do so. Polk did attach an Inmate Statement to his Motion, which covers the period from November of 2006 to January of 2007, however, it shows that Polk was employed within the prison system by UNICOR and, on December 4, 2006, had as much as $554.88 in his prison account. Polk has provided no other information that would assist the Court in assessing his financial condition.

In view of Polk's complete failure to provide the Court with any current information as to his financial situation, and given that the information that he has provided shows that at one time he had as much as $554.88 in his prison account, the Court declines to allow Polk to proceed in forma pauperis on appeal. Accordingly, Polk's Motion for Permission to Appeal In Forma Pauperis (Doc. 12) is denied.

**SO ORDERED**, this the 29th day of November, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls